## COLEMAN, KIRKMAN CANNON CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14408.   Promulgated April 10, 1928.

■■■■■■■■■■■■■■■■

*T. W. Branch, C. P. A.*, for the petitioner.
*J. E. Marshall, Esq.*, for the respondent.

TRAMMELL: This is a proceeding for the redetermination of a deficiency in income and profits taxes for the fiscal year ended September 30, 1920, in the amount of $2,446.19.

The petitioner alleged the following error: The failure of the Commissioner to allow as invested capital for the year amounts due by stockholders in the total sum of $40,866.67, which were represented by bona fide promissory notes given by responsible and solvent makers as absolute payment in exchange for capital stock of the corporation.

The answer of the respondent contains the following admission: "Admits that the Commissioner excluded from the taxpayer's invested capital for the fiscal year 1920 the item of $40,866.67 representing notes given in exchange for taxpayer's stock."

The petitioner is a Tennessee corporation with its principal office at Nashville.

This proceeding came on to be heard before a Division of the Board at Atlanta, Ga., on March 2, 1927. At that hearing the petitioner was not prepared to introduce evidence to sustain the allegations of the petition, whereupon the proceeding was continued in order to enable the petitioner to produce evidence.

Pursuant to notice the cause came on for a second hearing before a Division of the Board in Atlanta in October of 1927. The petitioner introduced evidence to show that the notes had not been charged off.

Construing the answer as an admission that the notes were given for stock, there is no testimony as to the value of the notes at the time received. This is one of the grounds set out in the deficiency notice for the disallowance of the notes in invested capital, and in the absence of sufficient competent evidence to show that the notes did have a value when paid in, we must affirm the respondent's determination.

*Judgment will be entered for the respondent.*